UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Nathan Hanger,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**South Central FC Inc.,** )<br>)<br>Defendant. )<br>) | Case: 3:26-cv-00109<br><br>**Jury Trial Demanded** |

# COMPLAINT

Plaintiff, Nathan Hanger ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against South Central FC Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. as amended, ("ADA") seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff requesting medical leave.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the ADA, 42 U.S.C. §12101 *et seq*. and FMLA, 29 U.S.C. §2601 *et seq*., are federal statutes.

4. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the ADA of 1990, 42 U.S.C. §12101, *et seq*. have been satisfied.

6. Plaintiff filed a charge of employment discrimination on the basis of disability and retaliatory discharge with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. Plaintiff, Nathan Hanger, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Fayette County, Illinois.

10. Defendant, South Central FC Inc, whose address is 100 Pine Ridge Dr Vandalia, IL 62471, is a corporation specializing in Agricultural Industry that at all times material to the allegations in this Complaint was doing business in and for Fayette County, Illinois.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. §12111(4).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

13. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## **BACKGROUND FACTS**

14. Plaintiff worked for Defendant as an Applicator from on or about March 6, 2025, until Plaintiff's unlawful termination on or about December 12, 2025.

15. As an Applicator, Plaintiff's duties included, but were not limited to, the following:

- Acquiring chemicals, reading labels, mixing/diluting solutions to specific formulas;
- Using sprayers, dusters, or other tools to apply chemicals to plants, soil, or surfaces; and
- Operating and maintaining machinery like pumps, hoses, and vehicles.

16. Plaintiff has physical and mental impairments, including congestive heart failure ("CHF"), depression, anxiety, and post-traumatic stress disorder that result in shortness of breath, chest pain and discomfort, rapid heartrate, and excessive worry or fear.

17. Plaintiff's disabilities substantially limit major life activities, including but not limited to, cardiovascular function, emotional regulation, and stress tolerance

18. Regardless of Plaintiff's disability, he was able to perform the essential functions of his job with or without reasonable accommodations.

19. By virtue of the foregoing, Plaintiff is a "qualified individual" as defined under the ADA.

20. In or around early December 2025, Plaintiff was hospitalized after experiencing symptoms consistent with a possible heart attack.

21. During that hospitalization, Plaintiff was diagnosed with congestive heart failure.

22. Plaintiff was released from the hospital and was cleared to return to work without medical restrictions.

23. Plaintiff returned to work on or about December 10, 2025.

24. On or about that same day, Plaintiff spoke with the Facility Manager, Michael Brown, and disclosed his CHF diagnosis.

25. Plaintiff also informed Michael Brown that the diagnosis was having a significant impact on his mental health, thereby reporting an exacerbation and flare-up of his mental disabilities.

26. Plaintiff informed Defendant of his need for time off to cope with his disability flare-ups in relation to his new disability diagnosis of CHF, and requested FMLA paperwork, thereby engaging in protected activity.

27. Plaintiff's request for FMLA paperwork was denied.

28. Defendant failed to engage in the interactive process to determine what accommodations would be appropriate for Plaintiff.

29. The next day, on or about December 11, 2025, Defendant held a customer appreciation event attended by management and employees.

30. During the customer appreciation event, Plaintiff spoke with Michael Brown's supervisor, Derrick Bowman, and informed him of Plaintiff's recent congestive heart failure diagnosis.

31. On or about the morning of December 12, 2025, Plaintiff attended a cardiology appointment where he was informed that there were no available treatment options to reverse his congestive heart failure.

32. This information exacerbated Plaintiff's mental disabilities, as Plaintiff was highly emotionally distressed.

33. Plaintiff returned to work later that morning after his cardiology appointment.

34. Upon returning, Plaintiff went to Michael Brown's office.

35. Michael Brown informed Plaintiff that Defendant was terminating Plaintiff's employment.

36. When Plaintiff inquired about the reasons for his termination, Michael Brown stated that management had alleged concerns about Plaintiff working around chemicals due to his health condition.

37. Specifically, Michael Brown referenced Plaintiff's emotional state following the diagnosis, indicating that Plaintiff appeared "emotional" and that his mental state seemed to be a concern.

38. Plaintiff was not accused of violating any specific written policy, and he was not provided any meaningful opportunity to respond to the allegations before the termination decision was communicated.

39. At the time of his termination, Plaintiff had no prior disciplinary history and had not received any warnings or write-ups since his hire.

40. Plaintiff was terminated approximately two days after being released from the hospital following a disability-related admission and shortly after disclosing his congestive heart failure diagnosis and related exacerbation of his mental disabilities to management.

41. Plaintiff requested reasonable accommodation following his congestive heart failure disability diagnosis and related exacerbation of his mental disability by promptly notifying

management of his disability-related mental health symptoms and seeking support and understanding regarding his ability to continue working safely.

42. Defendant did not engage in the interactive process, including because, after learning of Plaintiff's disability diagnosis and the impact it was having on his pre-existing mental disability conditions, Defendant failed to grant Plaintiff's request for accommodations, failed to = meet with Plaintiff to discuss possible accommodations, failed to request or review any medical information regarding work restrictions, and instead terminated Plaintiff without exploring whether he could continue working with reasonable accommodation.

43. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for time off, including requesting FMLA paperwork, and, after informing Plaintiff that he was not eligible for FMLA, Defendant did not offer any alternative accommodation accommodation or engage in any efforts to determine other possible accommodations.

44. Defendant subjected Plaintiff to disability-based discrimination, including by treating his physical and mental disabilities as an alleged workplace "safety" issue, questioning his ability to work around chemicals, and terminating him based on perceived disability-related impairment rather than job performance or medical restrictions.

45. Defendant treated Plaintiff less favorably than similarly situated employees outside of his protected class.

46. Ultimately, on or about December 12, 2025, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

47. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

48. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff disclosed his disability to management and requested a reasonable accommodation, including requesting medical leave and FMLA paperwork.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

49. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

54. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

55. Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

56. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

58. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

60. Plaintiff is a qualified individual with a disability.

61. Defendant was aware of the disability and the need for accommodations.

62. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

63. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

64. Defendant did not accommodate Plaintiff's disability.

65. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

66. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Disability-Based Harassment)

68. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

70. Defendant knew or should have known of the harassment.

71. The disability-based harassment was severe or pervasive.

72. The disability-based harassment was offensive subjectively and objectively.

73. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

74. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Americans with Disabilities Act
### (Retaliation)

76. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

77. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

78. During Plaintiff's employment with Defendant, Plaintiff disclosed his disability to management and requested a reasonable accommodation, including requesting medical leave and

FMLA paperwork to adjust to his congestive heart failure diagnosis and related mental health symptoms.

79. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

80. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, including requesting medical leave and FMLA paperwork and disclosing his CHF disability diagnosis and related mental disability flare-ups to management, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

81. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

82. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

84. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

85. Defendant terminated Plaintiff after Plaintiff provided notice of a request for medical leave, which constitutes a request for taking FMLA leave.

86. Defendant terminated Plaintiff because he requested FMLA leave as described above.

87. Specifically, Plaintiff requested FMLA leave when he explained that he had severe disability health conditions—congestive heart failure, anxiety, and PTSD—and requested FMLA paperwork.

88. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting leave for medical reasons.

89. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

90. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Liquidated damages;

    g. Reasonable attorneys' fees and costs;

    h. Award pre-judgment interest if applicable; and

    i. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 30th day of January 2026.

***/s/Yasmeen Elagha, Esq.*** 
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*